PETER L'ESPERANCE *vs.* HEBRON MFG. COMPANY.

PROVIDENCE—MARCH 27, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)   *New Trial.   Mistake.   Negligence.*

Where both court and parties were in error as to the application of the
testimony of a witness who gave the only direct evidence for the plain-
tiff, whereby such evidence was applied to a state of facts other than
was intended by the witness, causing the defendant to refrain from pro-
ducing evidence on his part in relation to the true state of facts, a new
trial will be granted.

TRESPASS ON THE CASE for negligence.   Heard on petition
of defendant of new trial, and petition granted.

PER CURIAM.   This case is brought to recover damages for
injuries suffered by the plaintiff from having his hand caught
in a machine while he was in the service and employment of
the defendant.   At the trial it was contended that the accident

occurred from the sudden starting of the machine while the plaintiff was cleaning it and that the starting was automatic, being produced by a defective pulley. All the plaintiff's evidence about the defect was understood to refer to the loose pulley on the machine itself, and all the defendant's evidence on that point referred to that pulley.

The court as well as the counsel so applied the testimony. The presiding justice charged the jury as follows: "Undoubtedly the fingers, the hand, or the portion of the hand of the plaintiff was caught in the carding machine, but that in itself is not sufficient to enable you to determine what caused his hand to be so caught—that is the vital question: and if you cannot determine that it was so caught because of the negligence of the defendant corporation in keeping their machines in an improper condition, unless you find it was caught and caused by the wobbling of the loose pulley which thrust the belt upon the tight pulley and caused this machine to operate at a time when it had been stopped by the plaintiff in the performance of his duty, unless you find that, you cannot find for the plaintiff."

It now appears that the testimony of Peter Miller, who gave the only direct evidence about the defect, was not intended to refer to this loose pulley on the machine, but to a driving pulley situated upon the main line of shafting.

(1)     By this mistake, in which all parties participated, the defendant was prejudiced; first, by having the court and jury apply the evidence to the loose pulley; and, secondly, by being caused to refrain from producing evidence to show that the other pulley was in good condition.

We think, therefore, that the defendant is entitled to a new trial.

*Joseph Osfield, Jr.*, for plaintiff.
*Edward D. Bassett*, for defendant..